# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHERYL TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) No. 08-2735-SHM-cgc |
| JACOB J. LEW, Secretary of the Treasury, | ) |
| Defendant. | ) |

**ORDER**

On October 22, 2008, Sheryl Taylor ("Taylor" or "Plaintiff") filed her pro se Complaint against Defendant Timothy Geithner, Secretary of the U.S. Department of Treasury ("Geithner").[1] On January 20, 2009, Taylor filed an Amended Complaint. (ECF No. 5.) The operative complaint is her Second Amended Complaint, filed on June 1, 2009. (ECF No. 22.) She sought relief for retaliation in violation of Title VII, 42 U.S.C. § 2000e-16(a), and breach of a settlement agreement. (Id. at ¶¶ 20-23.) The Court granted Geithner's Motion to Dismiss Plaintiff's claim for breach of settlement and Motion for Summary Judgment on her retaliation claim. (Order Granting Motions, ECF No. 92.) On September 12, 2011, Plaintiff filed

---

[1] The current Secretary of the Treasury, Jacob J. Lew ("Lew" or "Defendant"), has been substituted as Defendant in this case.

her Notice of Appeal. (Notice of Appeal, ECF No. 101.) On January 2, 2013 the Court of Appeals affirmed the dismissal of the breach of settlement claim and reversed and remanded the Court's judgment on the retaliation claim. (USCA Judgment, ECF No. 103.)

Before the Court are Defendant's May 11, 2015 Motion to Dismiss and/or for Summary Judgment (the "Motion"), the Magistrate Judge's September 23, 2015 Report and Recommendation recommending that the Motion to Dismiss be granted (the "R&R"), and Taylor's October 7, 2015 Objection to the R&R (the "R&R Objection"). (MSJ, ECF No. 176; R&R, ECF No. 205; Obj., ECF No. 212.)

For the following reasons, the Objection is OVERRULED, the R&R is ADOPTED, and the Motion is GRANTED.

**I. Background**

The Court assumes familiarity with the factual and procedural background of this case, which the R&R sets forth in detail. (R&R.) Unless otherwise stated, the Court adopts the R&R's defined terms.

**II. Jurisdiction**

Taylor alleges violation of Title VII, 42 U.S.C. § 2000e-16(a). The Court has federal question jurisdiction over the claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-16(c). See 28 U.S.C. § 1331; 42 U.S.C. § 2000e-16(c).

**III. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to Magistrate Judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—"any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009). "A plaintiff's failure to file a specific objection to a magistrate judge's report or one which fails to specifically identify the issues of

3

contention does not satisfy the requirement that an objection was filed at all." Harper v. U.S. Dept. of Justice, No. 2:14-cv-02998-JTF-cgc, 2015 WL 4078425 at *1, (W.D. Tenn. July 6, 2015) (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

**IV. Analysis**

Taylor has not filed any specific objections to the Magistrate Judge's findings or conclusions. Taylor generally objects to the Magistrate Judge's and this Court's jurisdiction over the case in a series of arguments that are less than coherent. (Obj., ECF No. 212 1-6.) Taylor herself invoked the jurisdiction of the Court and asserted a federal claim.

Taylor also generally objects that the Magistrate Judge ignored Taylor's objections to the Motion, without specifying what those objections were. (Id. at 2.) Some of the objections are said to have been made before the Motion was filed. (Id.) Taylor generally argues that the Magistrate Judge ignored relevant case law, without specifying how that law applies. (Id. at 2-4.) Taylor contends that there are issues of material fact for a jury to decide, but does not specify those issues or cite facts to support her contention. (Id. at 5.) The Magistrate Judge based her recommendation on the Motion to Dismiss and on Taylor's failure to respond to the Motion despite

a Show Cause Order.  (R&R, ECF No. 205 at 3-4;6.)  The Magistrate Judge did not apply the summary judgment standard.

## V. Conclusion

Taylor's objections are general and at times incoherent. They are not specific objections pursuant to Rule 72(b), and the Court should and does adopt the findings and rulings of the Magistrate Judge.  The Objection is OVERRULED, the R&R is ADOPTED, and the Motion to Dismiss is GRANTED.

So ordered this 9th day of October, 2015.

                                       s/ Samuel H. Mays, Jr._____
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT JUDGE